**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MORTAZA AMIRI,

*Petitioner,*

v. No. 1:26-cv-02396-SMD-DLM

WARDEN, *et al.*,

*Respondents.*

**ORDER**

THIS MATTER is before the Court on Petitioner Mortaza Amiri's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1 (the "Petition"). Respondents filed a Response to the Petition on August 10, 2026. Doc. 6 (the "Response"). On October 15, 2026, Respondents filed an Emergency Motion to Quash the Court's Order Enjoining Transfer, requesting that the Court lift the restrictions on Petitioner's transfer and removal. Doc. 9 (the "Emergency Motion"). After the Court ordered additional briefing (Doc. 10), Respondents filed a Supplemental Report (Doc. 11). Petitioner did not file any reply to the Emergency Motion or Supplemental Report.

The Court has reviewed the Petition, the Response, the Emergency Motion, the Supplemental Report, the record, and the relevant law. For the reasons below, the restrictions on Petitioner's transfer and removal are **LIFTED**. Respondents shall either remove Petitioner from the United State through lawful means within three weeks or **RELEASE** him from custody under reasonable conditions of supervision.

## BACKGROUND

Petitioner is a citizen of Afghanistan who is subject to a final order of removal entered on June 17, 2025; Petitioner's appeal was dismissed on November 26, 2025.[1] Petitioner entered the United States on December 31, 2024, and was taken into immigration custody that same day. He has remained detained since that date. *See* Docs. 1, 2.

Petitioner filed the Petition on July 24, 2026, challenging his continued detention and seeking release from custody. *See* Doc. 1. On July 26, 2026, the Court ordered Respondents to answer the Petition and prohibited Respondents from transferring or removing Petitioner from the District of New Mexico while this action remained pending. *See* Doc. 4 ("July 26 Order").

In their Emergency Motion, Respondents request that the Court lift the restrictions imposed by the July 26 Order. *See* Doc. 9. Respondents state therein that they anticipate Petitioner could be removed to Afghanistan within the next month. *Id.* In support, Respondents submitted a declaration from a deportation officer stating that Enforcement and Removal Operations ("ERO") could attempt Petitioner's removal to Afghanistan by November 6, 2026. *Id.*, Ex. A.

On October 16, 2026, the Court ordered Respondents to provide further information regarding the removal. *See* Doc. 10 ("October 16 Order"). In their timely-filed Supplemental Report, Respondents provide a declaration from a deportation officer explaining that Afghanistan has accepted Petitioner for return and issued necessary travel documents, that the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the denial of asylum, withholding, and protection under the Convention Against Torture, and that ERO is planning to remove Petitioner prior to November 10, 2026. *See* Doc. 11, Ex. A.

[1] Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 30, 2026, using Petitioner's A-number and nationality).

## LEGAL STANDARD

An application for habeas corpus under 28 U.S.C. § 2241 may be granted where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for immigration detention unrelated to review of the merits of a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

Once an order of removal becomes administratively final, detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021). Section 1231 generally provides a ninety-day removal period. 8 U.S.C. § 1231(a)(1)(A). Certain noncitizens who have not been removed during that period may remain detained beyond it. *Id.* § 1231(a)(6).

Section 1231(a)(6), however, does not authorize indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* And as detention continues, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

## DISCUSSION

Petitioner's detention has exceeded the presumptively reasonable six-month period recognized in *Zadvydas*. He has been detained for over 11 months since his order of removal became final. Petitioner therefore has provided good reason to believe that his removal is not significantly likely in the reasonably foreseeable future. Respondents must rebut that showing

with evidence of a significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Respondents submit sworn evidence stating that Afghanistan has accepted Petitioner and issued travel documents. *See* Doc. 11, Ex. A. Respondents also describe the removal process to Afghanistan and state that removal can be completed by November 10, 2026. *See id*.

The Court will permit Respondents a final, limited opportunity to act on these representations. The present restriction prevents Respondents from transferring or removing Petitioner and therefore prevents the Government from attempting the removal described in its declarations. But Petitioner has already remained detained well beyond the six-month period identified in *Zadvydas*. His detention cannot continue indefinitely based on a removal that remains only prospective.

That evidence materially distinguishes this case from one in which removal remains merely speculative. *Cf. Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (concluding that detention did not raise the prospect of indefinite detention where travel documents had issued and removal efforts were ongoing). At the same time, Petitioner has already been detained for over 11 months since entry of the final order of removal and nearly 23 months in total, and "as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

The Court's July 26 Order currently prevents Respondents from acting on the removal process described in their declarations. The Court will therefore lift that restriction and afford Respondents a final, limited period to effectuate Petitioner's removal. Respondents shall have 21 days from entry of this Order to remove Petitioner from the United States through lawful means

or, if they do not do so, to release Petitioner from custody under reasonable conditions of supervision.

**CONCLUSION**

Accordingly, it is hereby **ORDERED**:

1) The restriction on Petitioner's transfer and removal imposed by the Court's July 26, 2026 Order (Doc. 4) is **LIFTED**;
2) Within 21 days of entry of this Order, Respondents shall either (1) **REMOVE** Petitioner from the United States through lawful means; or (2) **RELEASE** Petitioner from custody under reasonable conditions of supervision, such as regular check-ins;
3) No later than November 23, 2026, Respondents **SHALL FILE** a notice of compliance informing the Court whether Petitioner has been removed from the United States, or released from custody in compliance with this Order under reasonable conditions of supervision;
4) In the event of release, Respondents **SHALL** provide Petitioner with all personal belongings and facilitate Petitioner's transportation from the detention facility;
5) In the event of release, Respondents **SHALL NOT** re-detain Petitioner without (1) evidence that Petitioner has committed a crime or absconded in regard to administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States;
6) The Court retains jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**